The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts as those reached by the Deputy Commissioner, with some modification, but modify the conclusions and holding of the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Order, at the hearing and after the hearing as
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. The Maryland Insurance Group was the carrier on the risk.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The plaintiff's average weekly wage was $223.31, which yields a compensation rate of $148.88 per week.
5. The issue for determination is whether the plaintiff sustained an injury by accident arising out of and in the course of her employment on September 15, 1994, and if so, to what benefits may she be entitled under the Act.
6. The parties stipulated the following documents into the record:
 a. One hundred and twenty-nine pages of medical reports;
b. I.C. Form 18, filed December 12, 1994;
c. I.C. Form 33, filed June 8, 1995;
d. I.C. Form 33R, filed July 13, 1995;
e. I.C. Form 33, filed April 4, 1996;
f. I.C. Form 18, filed April 15, 1996;
g. I.C. Form 33R, filed May 8, 1996;
h. I.C. Form 22; and
i. I.C. Form 19.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. On September 15, 1994, the date of the alleged injury, the plaintiff was a forty-eight year old female, who was employed as a seamstress with the defendant-employer. She began working for defendant-employer on July 18, 1994. While operating the sewing machine, plaintiff sat and used a right foot pedal to sew seams in the garment.
2. The plaintiff had a history of prior ankle problems. In January of 1989, the plaintiff was scheduled to undergo left ankle fusion as a result of a severely fractured left ankle. The surgeon, Dr. John dePerczel, mistakenly began to perform the surgery on her right ankle. After significant bony work had been performed on the right ankle, the surgeon terminated the erroneous procedure. Following the surgeries on both ankles, the plaintiff continued to have problems with her ankles. The plaintiff was rated as having a thirty to thirty-five percent permanent impairment to her right ankle as a result of the erroneous surgery and the resulting degenerative arthritis.
3. In March of 1990, the plaintiff was treated by Dr. David Lincoln, who noted significant onset of arthritis in the right ankle due to the surgery. Prior to September 15, 1994, the date of the alleged injury by accident to plaintiff's back and right ankle, the plaintiff experienced significant degenerative arthritis in both ankles; however, she continued to be able to earn wages during that time, despite her arthritic ankles.
4. On September 15, 1994, the plaintiff was reporting to work at the plant. As she walked up the back steps, she slipped and fell forward, up the steps. The plaintiff scraped her right shin, just above the ankle. The plaintiff reported the injury to her right shin area to defendant-employer, but did not report any injury to her back.
5. Following the incident, the plaintiff was taken to Davis Community Hospital by her son. The plaintiff was referred to Dr. Jeffrey Kuhlman, an orthopedist, for treatment for her back and right ankle.
6. The plaintiff returned to work on September 19, 1994. On September 20, 1994, the plaintiff complained of right ankle pain and of being unable to mash the foot pedal with her right foot in order to sew. The plaintiff reported this to her supervisor, and was permitted to go home before the end of the shift.
7. On September 20, 1994, the plaintiff was seen by Dr. Kuhlman for right ankle pain and an onset of low back pain from a day or two prior to the appointment. As a result of the injury by accident, the plaintiff had lumbosacral strain. Dr. Kuhlman took the plaintiff out of work until September 25, 1994, at which time she was able to return to unrestricted duty. Dr. Kuhlman scheduled a follow-up appointment for three weeks later. The plaintiff did not provide a full copy of the doctor's excuse to her employer, but rather provided them with a copy in which the lower portion, which stated she could return to unrestricted duty, had been torn off.
8. The plaintiff did not return to work with the defendant-employer after that time, despite the fact that the employer offered her a stand-up job as an inspector. The inspector's job was within her physical capabilities and was regularly available with the defendant-employer and in the competitive job market. The plaintiff refused to even attempt this job because she felt that it did not pay enough money. She advised her employer that she was terminating her employment with Klear Knitting. Plaintiff's refusal to accept or even to attempt the job offered by the defendant-employer was unjustified.
9. On or about October 4, 1994, the plaintiff began working at Beacon Sweets in Mooresville, where she took candy off a conveyor and placed it into boxes. The plaintiff was required to stand to perform this job.
10. On October 11, 1994, Dr. Kuhlman noted that the plaintiff was significantly improved and again authorized her to return to full duty work. The plaintiff informed Dr. Kuhlman of her new job at Beacon Sweets.
11. The plaintiff worked four weeks at this job, during which she earned approximately $1,500.00. Although the record is unclear, it appears that the plaintiff has not worked since November 18, 1994, when she left the employment at Beacon Sweets.
12. On April 19, 1995, Dr. Kuhlman performed fusion surgery on the right ankle, following which the plaintiff has had no pain and is able to stand on the ankle. As a result of this surgery, the plaintiff sustained an additional ten percent (10%) permanent partial impairment to her ankle. As of July 19, 1995, three months after the surgery, plaintiff had reached the end of the healing period for her right ankle and was able to return to work at a job that did not involve being on her feet constantly.
13. The medical evidence shows that the plaintiff was in end-stage arthritis in her right ankle, for which she eventually would have required an ankle fusion. The medical evidence also indicates that the fall aggravated plaintiff's symptoms in the right ankle and that the surgery was performed in response to her increased pain. Therefore, the surgery was causally related to the injury by accident on September 15, 1994.
14. The plaintiff underwent a second fusion on the left ankle in September of 1996, as a result of continued pain.
15. The plaintiff's ongoing disability is due to back and left ankle pain. However, these conditions were neither caused nor aggravated by the fall on September 15, 1994 . While the plaintiff initially complained of low back pain on September 20, 1994, which Dr. Kuhlman related to the very symptomatic ankle injury, the record is clear that she required no treatment for her back complaints, which apparently resolved shortly thereafter. Plaintiff's back pain after late 1995 was due to degenerative, arthritic changes in the back, as well as some spurring on the vertebral bodies.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of the employment on September 15, 1994 when she fell up the steps at work, striking her right leg in the shin area above the ankle. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff unjustifiably refused to accept the inspector job offered to her on or about September 26, 1994, and which was suitable to her capacity and regularly available in the job market. Therefore, after that date the plaintiff was not entitled to receive any temporary total disability compensation as long as her refusal continued. N.C. Gen. Stat. § 97-32.
3. Following the surgery on her right ankle, the plaintiff is entitled to receive temporary total disability compensation for the period from April 19, 1995, until July 19, 1995, at the rate of $148.88 per week. N.C. Gen. Stat. 97-29. The plaintiff is also entitled to receive temporary total disability compensation at the rate of $144.88 per week for the period of work she missed after the compensable injury by accident from September 20, 1994, until the date of her unjustified work refusal on or about September 26, 1994. N.C. Gen. Stat. 97-29; Workers' Compensation Rule 401(4).
4. The plaintiff is entitled to permanent partial disability compensation at the rate of $148.88 per week for 7.2 weeks as a result of the ten percent permanent impairment which is attributable to the injury by accident to her right ankle. However, the plaintiff is not entitled to have the defendants pay for the pre-existing impairment rating of thirty percent due to the prior erroneous surgery and resulting degenerative arthritis. N.C. Gen. Stat. § 97-31(14).
5. The plaintiff is entitled to have the defendants pay for medical expenses incurred as a result of the right ankle injury, including the treatment at the Davis Hospital and by Dr. Kuhlman, as may be required to provide relief, effect a cure or lessen the period of disability. N.C. Gen. Stat. § 97-2(19).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, the defendants shall pay temporary total disability compensation to the plaintiff at the rate of $148.88 per week from September 20, 1994 through September 26, 1994; and from April 19, 1995 through July 19, 1995. Such compensation has accrued and shall be paid in a lump sum.
2. Subject to a reasonable attorney's fee approved below, the defendants shall pay permanent partial disability compensation to the plaintiff at the rate of $148.88 per week for 7.2 weeks for the permanent impairment rating. Such compensation has accrued and shall be paid in a lump sum.
3. A reasonable attorney's fee of twenty-five percent of the compensation awarded to plaintiff in paragraph 1 above is hereby approved to be deducted from sums due plaintiff and paid directly to counsel.
4. Defendants shall pay medical expenses incurred as a result of the right ankle injury on September 15, 1994, including the fusion surgery by Dr. Kuhlman, when bills for the same have been properly submitted for approval pursuant to the procedures and rules adopted by the N.C. Industrial Commission.
5. Defendant shall pay the costs, including the expert witness fee of $200.00 to Jeffrey P. Kuhlman, M. D.
 ***********
This the ___ day of June 1998.
 S/ ________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER